## Reynolds' Estate

538

540

*Leslie M. Swope*, for accountants.

*J. Edgar Wilkinson*, of *Shields, Clark, Brown & McCown*, for Summerfield Methodist Church, exceptant.

*Boyd. Lee Spahr*, of *Ballard, Spahr, Andrews & Ingersoll*, for Methodist Episcopal Home.

LADNER, J., February 21, 1946.—We all agree that the learned auditing judge has correctly disposed of the question which is now the subject of the exceptions before us.

We need not restate the facts nor the reasons set forth in his adjudication which fully support his ruling. We merely add that it seems clear that the testatrix used the term "money" in the sense that it is customarily used and not in the enlarged meaning that would carry all property not otherwise bequeathed, which some cases give to it in order to prevent an intestacy: Boyle's Estate, 44 D. & C. 316 (1942) ; Ingham's Estate, 315 Pa. 293 (1934).

The clause in the codicil of 1938 which gives rise to the question, after explaining testatrix's husband had passed away, reads:

"Relative to the *money* given as a gift to my late husband John E. Reynolds wish the *same amount* to be given and used to cancel the mortgage held on the Summerfield Methodist Church E. Dauphin & Tulip Sts. also on the Parsonage at 2338 East Dauphin St. Phila. and should there be balance from above, *that to be used for current expenses or unpaid bills.*" (Italics supplied.)

In the third paragraph of her will the testatrix had given her husband (*a*) the property, 2035 East Dauphin Street, Philadelphia, together with "appurtenances and household equipment and furniture; (*b*) all her jewelry and clothing; (*c*) The sum of Fifty Thousand Dollars ($50,000), *in money*". (Italics supplied.)

After bequests to others she gave by item 18 of the will the residue of her estate to her husband, absolutely. Thus she gave her husband in the will four separate gifts: (1) A house and contents; (2) her jewelry and clothing; (3) $50,000 in money; (4) the residue. When, therefore, after her husband's death, she referred to the "money given as a gift to my late husband", she plainly meant to distinguish between the $50,000 "in money", i. e., the money gift, from the other three gifts to her husband. Confirming this interpretation are the words, "wish the *same amount* to be given and used to cancel the mortgage" which obviously means the amount of $50,000, not the indefinite amount of the residue which would ordinarily be referred to as a share or portion of her estate.

Supporting this construction is also the last portion of the clause where she provides: "should there be balance from above, that is to be used for current expenses and unpaid bills." The record shows that her income tax returns (for the years 1938 to 1943) were prepared from work sheets written by her and she knew the details of the sources of her income, in what her estate was invested, and the approximate amount thereof. Her gross estate was over $500,000 and residue, after deduction of other bequests, was $300,-000. Had she intended the residue of her estate to go to the exceptant church, of which she was a communicant, she would hardly have expressed the uncertainty that the gift she was making might exceed the amount of the mortgages and thus directed the further disposition "if there should be balance" after the payment of the church and parsonage mortgages.

Thus, whether we read the will and codicils as a whole according to the plain meaning of the language viewed, or test them by the surrounding circumstances, we arrive at the same conclusion as the auditing judge, viz., that testatrix meant to give the church $50,000 in money, and no more.

All exceptions are dismissed and the adjudication is now confirmed absolutely.